1  SEYFARTH SHAW LLP
   Jamie C. Pollaci (SBN 244659)
2  jpollaci@seyfarth.com
   Shardé T. Skahan (SBN 286157)
3  sskahan@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:   (310) 277-7200
5  Facsimile:    (310) 201-5219

6  Attorneys for Defendants
   SPEEDWAY LLC and WESTERN REFINING
7  RETAIL, LLC

8

9

                    UNITED STATES DISTRICT COURT
10
                    CENTRAL DISTRICT OF CALIFORNIA
11

12
   KARL SPRINGER,                        Case No. __5:21-cv-1737__
13
              Plaintiff,                 **DEFENDANTS SPEEDWAY LLC**
14                                        **AND WESTERN REFINING**
         v.                               **RETAIL, LLC'S NOTICE OF**
15                                        **REMOVAL OF CIVIL ACTION TO**
   SPEEDWAY LLC; WESTERN                 **UNITED STATES DISTRICT**
16  REFINING RETAIL, LLC; and DOES 1 to  **COURT**
   50, inclusive,
17                                        [San Bernardino Superior Court, Case
              Defendants.                No. CIVSB2123834]
18
                                         Complaint Filed:    August 16, 2021
19                                        Trial Date:         None Set

20

21

22

23

24

25

26

27

28

76175310v.1

## **Table of Contents**

I.   PLAINTIFF KARL SPRINGER FILED A LAWSUIT AGAINST SPEEDWAY AND WESTERN REFINING IN CALIFORNIA STATE COURT ..................................................................................... 1

II.  REMOVAL IS TIMELY ................................................................... 2

III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP EXISTS IN THIS CASE .......................................................................... 3

    A.   Plaintiff Karl Springer Is A Citizen Of California .......................... 3

    B.   Defendant Western Refining Is Not A Citizen Of California ............ 4

    C.   Defendant Speedway Is Not A Citizen Of California ..................... 5

    D.   Doe Defendants May Be Disregarded ..................................... 6

    E.   Amount In Controversy Is Satisfied ...................................... 6

IV.  VENUE LIES IN THIS COURT ........................................................ 7

V.   NOTICE OF REMOVAL ................................................................ 8

DEFENDANTS' NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*City of Clarksdale v. BellSouth Telecomms., Inc.*,
    428 F.3d 206 (5th Cir. 2005) ...................................................3

*Conrad Assoc.'s v. Hartford Accident & Ind. Co.*,
    994 F. Supp. 1196 (N.D. Cal. 1998)........................................6

*Davenport v. Mutual Benefit Health & Accident Ass'n*,
    325 F.2d 785 (9th Cir. 1963) ................................................6, 7

*Davis v. HSBC Bank Nevada, N.A.*,
    557 F.3d 1026 (9th Cir. 2009) ................................................4

*Fristos v. Reynolds Metals Co.*,
    615 F.2d 1209 (9th Cir. 1980) ................................................5

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) .............................................5, 8

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ..................................................6

*Guglielmino v. McKee Foods Corp.*,
    506 F.3d 696 (9th Cir. 2007) ..................................................5

*Harris v. Bankers Life & Cas. Co.*,
    425 F.3d 689 (9th Cir. 2005) ..................................................2

*Hertz Corp. v. Friend*,
    559 U.S. 77 (2010)..................................................................4

*Kanter v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ..................................................3

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) ................................................3

*Kenny v. Wal-Mart Stores, Inc.*,
    881 F.3d 786 (9th Cir., Feb. 1, 2018) .....................................2

ii

76175310v.1

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,*
    526 U.S. 344 (1999)...................................................................................2

*Roth v. CHA Hollywood Med. Ctr., L.P.,*
    720 F.3d 1121 (9th Cir. 2013) ..............................................................2

*Sanchez v. Monumental Life Ins. Co.,*
    102 F.3d 398 (9th Cir. 1996) ................................................................5

*State Farm Mutual Auto Insurance Co. v. Dyer,*
    19 F.3d 514 (10th Cir. 1994) ................................................................3

*Valdez v. Allstate Ins. Co.,*
    372 F.3d 1115 (9th Cir. 2004) ..............................................................6

**Federal Statutes**

28 U.S.C. § 1332 ...................................................................................1, 5

28 U.S.C. § 1332(a) ...................................................................................9

28 U.S.C. § 1332(a)(1) ...............................................................................3

28 U.S.C. § 1332(c)(1) ...............................................................................4

28 U.S.C. § 1441 ........................................................................................1

28 U.S.C. § 1441(a) .............................................................................3, 5, 9

28 U.S.C. § 1446 ....................................................................................1, 2

28 U.S.C. § 1446(b) ..................................................................................3

**State Statutes**

Cal. Civ. Proc. Code § 415.10 ...................................................................3

California Civil Code § 43 ..........................................................................1

California Labor Code § 230.1 ...................................................................1

Gov. Code §§ 12940(h), 12945.2...............................................................1

Gov. Code § 12940(a) ................................................................................1

Gov. Code § 12940(k)................................................................................1

iii

Gov. Code § 12940(m) ............................................................................1

Gov. Code § 12940(n)............................................................................1

DEFENDANTS' NOTICE OF REMOVAL

76175310v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants SPEEDWAY LLC ("Speedway") and WESTERN REFINING RETAIL, LLC ("Western Refining") (collectively, "Defendants") hereby remove the above-referenced action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting original federal jurisdiction on the basis of diversity, 28 U.S.C. § 1332, and state that removal is proper for the following reasons:

**I. PLAINTIFF KARL SPRINGER FILED A LAWSUIT AGAINST SPEEDWAY AND WESTERN REFINING IN CALIFORNIA STATE COURT**

1. On August 16, 2021, Plaintiff Karl Springer ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of San Bernardino, entitled *KARL SPRINGER, Plaintiff v. SPEEDWAY LLC; WESTERN REFINING RETAIL, LLC; and DOES 1 to 50, inclusive*, Case No. CIVSB2123834.

2. Plaintiff, a former employee of Speedway, alleges four causes of action against Defendants for (1) "Wrongful Termination in Violation of Labor Code Section 1102.5(b)"; (2) "Wrongful Termination in Violation of Labor Code Section 6310(a)(1)"; (3) "Wrongful Termination in Violation of Labor Code Section 98.6"; and (4) "Wrongful Termination in Violation of Public Policy." (Compl.)

3. A true and correct copy of the Summons and Complaint, as well as other materials served therewith in this action, are attached hereto as **Exhibit A**.

4. On September 15, 2021, Defendant Speedway was served with the Complaint. A true and correct copy of the Service of Process Transmittal as to Speedway is attached as **Exhibit B**.

5. On September 15, 2021, Defendant Western Refining was served with the Complaint. A true and correct copy of the Service of Process Transmittal as to Western Refining is attached as **Exhibit C**.

1

DEFENDANTS' NOTICE OF REMOVAL

6.     On October 13, 2021, Defendants filed an Answer to the Complaint.   A true and correct copy of the Answer is attached as **Exhibit D**.

7.     On September 10, 2021, the Superior Court served a Notice of Trial Setting Conference and Notice of Case Assignment.  A true and correct copy of the Notice of Trial Setting Conference and Notice of Case Assignment is attached as **Exhibit E**.

8.     The exhibits attached hereto constitute all pleadings, process, and orders served on Defendants, and filed by Defendants, in this action.

## II.     REMOVAL IS TIMELY

9.     The time for filing a Notice of Removal does not begin to run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such claim or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

10.     The service of process which triggers the 30-day period to remove is governed by state law.  *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

11.     This Notice of Removal is timely because it is filed within thirty (30) days of personal service of the Summons and Complaint on September 15, 2021.  28 U.S.C. § 1446(b); Cal. Civ. Proc. Code § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.").

76175310v.1

### III. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP EXISTS IN THIS CASE

12.     This Court has original jurisdiction over this action under 28 U.S.C. section 1332(a)(1).  As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

#### A.     Plaintiff Karl Springer Is A Citizen Of California

13.     According to the Complaint, Plaintiff is a resident of "the County of Riverside, State of California."  (Complaint ("Compl."), ¶ 1.)  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely.  *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff's allegation that he is a resident of California is *prima facie* evidence that Plaintiff's domicile is California, and, therefore, Plaintiff is a citizen of California. *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile").

14.     Plaintiff's residence and domicile in California is confirmed by a search of public records available through the LexisNexis Accurint system. That search shows that Plaintiff resides in Riverside County, California, and has resided in California since at least October 2013.  (Declaration of Shardé T. Skahan ("Skahan Decl."), ¶ 5, Exh. F.)[1] Additionally, Speedway required Plaintiff, while in its employ, to provide and update any change to his contact information, including his home address, for its employment records. (*See* Declaration of Kimberly K. Duncan ("Duncan Decl."),  ¶ 8.)  The last home address Plaintiff provided to Speedway was an address in Pomona, California. (*Id.* at ¶ 9.)

15.     Plaintiff provided Speedway with a California address for his IRS Form W-2. (Duncan Decl., ¶ 9.)

---

[1] The Accurint records have been redacted to omit personal identifying information and street addresses. (*See* Skahan Decl., at ¶ 5.)

3

76175310v.1

16.     Accordingly, Speedway is informed and believes that Plaintiff is, and at all relevant times for the purposes of this removal has been, a citizen of California.

**B.     Defendant Western Refining Is Not A Citizen Of California**

16.     Plaintiff alleges that Western Refining is an entity incorporated in Delaware. (*See* Ex. A, Compl., ¶ 3.)

17.     Western Refining is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1).  *See*, *Davis*, 557 F.3d at 1028 (citing 28 U.S.C. 1332(c)(1)); *The Hertz Corp.*, 130 S. Ct. at 1192.

18.     For diversity purposes, courts treat a limited liability company "like a partnership."  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

19.     Unincorporated associations such as limited liability companies and partnerships are treated as "a citizen of every state of which its owners/members are citizens."  *Johnson*, 437 F.3d at 899; *see also Grupo Dataflux v. Atlas Global Grp., LP*, 541 US 567, 569 (2004) (same); *Carden v. Arkoma Assocs.*, 494 US 185, 195, 110 S.Ct. 1015, 1021 (1990) (same).

20.     A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

21.     In this case, Western Refining Retail, LLC's sole member is Speedway Western Holdings, LLC.  (Duncan Decl., ¶ 5.) Speedway Western Holdings LLC's sole

4

member is SEI Speedway Holdings LLC.  (*Id.*)  SEI Speedway Holdings LLC's sole member is 7-Eleven, Inc. (*Id.*)

22.    7-Eleven, Inc. is and was at the time the civil action was instituted a corporation organized under the laws of Texas.  (Duncan Decl., ¶ 7.)

23.    Further, 7-Eleven, Inc.'s headquarters—where its high-level officers direct, control, and coordinate the corporation's activities— is located in Irving, Texas.  The majority of 7-Eleven, Inc.'s executive and administrative functions take place at its headquarters in Irving, Texas. (*Id.*) All of 7-Eleven, Inc.'s executives have offices in, and regularly work from, these headquarters. (*Id.*) The functions performed at 7-Eleven, Inc.'s Irving, Texas headquarters include the activities of all of its high-level management team, and the majority of its administrative functions, including payroll, accounting, purchasing, marketing, legal, human resources, and information systems. (*Id.*) 7-Eleven, Inc.'s company-wide policies and procedures are formulated at the Irving, Texas headquarters. (*Id.*) 7-Eleven, Inc.'s activities and operations are directed and ultimately controlled from the Irving, Texas headquarters, such that its principal place of business is Texas. (*Id.)* Thus, 7-Eleven, Inc. is a citizen of Texas, not California.

## C.    Defendant Speedway Is Not A Citizen Of California

24.    Plaintiff alleges that Speedway is an entity incorporated in Delaware.  (*See* Ex. A, Compl., ¶ 2.)

25.    As with Western Refining, Speedway is now, and was at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1).  *See*, *Davis*, 557 F.3d at 1028 (citing 28 U.S.C. 1332(c)(1)); *The Hertz Corp.*, 130 S. Ct. at 1192.

26.    In this case, Speedway's sole member is SEI Speedway Holdings LLC.  The sole member of SEI Speedway Holdings LLC is 7-Eleven, Inc.    (Duncan Decl., ¶ 6.)

27.    As set forth above, 7-Eleven, Inc. is incorporated under the laws of Texas, and its principal place of business is in Texas.  Thus, Speedway is a citizen of Texas, not California.

5

**D.** **Doe Defendants May Be Disregarded**

28.     Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  *Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition).  Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

29.     Because Plaintiff is a citizen of California, and Defendants are not citizens of California, diversity of citizenship exists for purposes of removal.

**E.** **Amount In Controversy Is Satisfied**

30.     Although Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because, based on a preponderance of the evidence, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000 based on the allegations, claims, and prayer for relief set forth in the Complaint.

31.     An action may be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  To establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

32.     In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.,*

6

76175310v.1

994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

33.   <u>Lost Wages and Emotional Distress Exceed $75,000</u>.  Plaintiff expressly pleads more than $110,000 in non-duplicative damages.  Specifically, for each of his claims, Plaintiff alleges "no less than $25,000" for loss of past earnings, "no less than $25,000" for loss of future earnings, "no less than $25,000" for past emotional distress, and "no less than $25,000" for future emotional distress.  (Exh. A, Complaint, Prayer for Relief ¶¶ 1-5.)  This totals $100,000. For Plaintiff's Third Cause of Action for Wrongful Termination in Violation of Labor Code Section 98.6, Plaintiff also alleges $10,000 in civil penalties per violation.  (Exh. A, Complaint, Prayer for Relief ¶¶ 11-16.)  Thus, Plaintiff's claims for alleged lost wages, emotional distress damages and penalties totals at least $110,000.  Based on the face of Plaintiff's Complaint, the amount in controversy exceeds $75,000.

34.   <u>Plaintiff Seeks Punitive Damages and Attorney's Fees</u>.  Plaintiff seeks punitive damages for his First through Third causes of action.  (Exh. A, Complaint, Prayer for Relief ¶¶ 5, 10, 15.)  For all causes of action, Plaintiff also seeks damages for attorney's fees.  (Exh. A, Complaint, Prayer for Relief ¶¶ 17-20.)  These additional two items of potential recovery only increase the amount in controversy.

35.   For each of the foregoing reasons, while Defendants deny any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## IV.   VENUE LIES IN THIS COURT

36.   Venue lies in this Court pursuant to 28 U.S.C. § 1441(a), as this action originally was brought in the Superior Court of the State of California, County of San Bernardino.  Plaintiff resides in the County of Riverside, and the claims arose in the County of San Bernardino.  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

76175310v.1

1

## V.   NOTICE OF REMOVAL

2

37.     Defendants will give notice of the filling of this Notice of Removal to

3

Plaintiff and to the Clerk of the Superior Court of the State of California in and for the

4

County of San Bernardino.  This Notice of Removal is concurrently being served on

5

Plaintiff.

6

38.     In compliance with 28 U.S.C. section 1446(a), true and correct copies of all

7

process, pleadings, and orders filed and/or served in this action are attached as **Exhibits**

8

**A - E**.  (Skahan Dec. ¶ 3.)

9

39.     The Superior Court scheduled a Trial Setting Conference for 9:00 a.m. on

10

March 10, 2022, in Department S27.  (*See* Exh. E.)  Other than the Case Management

11

Conference, there are no other proceedings scheduled in the Superior Court.

12

WHEREFORE, Defendants pray that this civil action be removed from the

13

Superior Court of the State of California, County of San Bernardino, to the United States

14

District Court for the Central District of California.

15

16

DATED: October 14, 2021                         Respectfully submitted,

17

SEYFARTH SHAW LLP

18

19

By: /s/ Shardé T. Skahan

20

Jamie C. Pollaci
Shardé T. Skahan

21

Attorneys for Defendants

22

SPEEDWAY LLC and WESTERN
REFINING RETAIL, LLC

23

24

25

26

27

28

8

76175310v.1

# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
09/15/2021
CT Log Number 540248074

| | |
|---|---|
| **TO:** | Amanda Stacy-Hartman<br>Speedway Superamerica, LLC<br>500 SPEEDWAY DR<br>ENON, OH 45323-1056 |
| **RE:** | **Process Served in California** |
| **FOR:** | Western Refining Retail, LLC  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KARL SPRINGER // To: Western Refining Retail, LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CIVSB2123834 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/15/2021 at 13:39 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/15/2021, Expected Purge Date: 09/20/2021<br><br>Image SOP<br><br>Email Notification,  Niccole Thompson  nmthompson@speedway.com<br><br>Email Notification,  Melinda Miller  memiller2@speedway.com<br><br>Email Notification,  Jana Crosby  jrcrosby@speedway.com<br><br>Email Notification,  Amanda Stacy-Hartman  astacyhartman@speedway.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
09/15/2021
CT Log Number 540248074

**TO:**  Amanda Stacy-Hartman
Speedway Superamerica, LLC
500 SPEEDWAY DR
ENON, OH 45323-1056

**RE:**  **Process Served in California**

**FOR:**  Western Refining Retail, LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                                     Wed, Sep 15, 2021

**Server Name:**                              Brett Peters

Entity Served                                 WESTERN REFINING RETAIL, LLC

Case Number                                   CIVSB 2123834

Jurisdiction                                  CA



COPY

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SPEEDWAY, LLC; WESTERN REFINING RETAIL, LLC; and DOES
1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KARL SPRINGER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

SEP 1 0 2021

BY _____
ASHLEE BAYLESS, DEPUTY

**BY FAX**

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: | CASE NUMBER: |
| *(El nombre y dirección de la corte es):* San Bernardino Superior Court | CIV SB 2 1 23 83 4 |
| 247 W. 3rd St., San Bernardino, CA 92415 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ben Rothman, Esq. 12575 Beatrice St., Los Angeles, CA 90066. (310) 717-0539.

| DATE: | | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | SEP 1 0 2021 | *(Secretario)* | Ashlee Bayless | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   Western Refining Retail, LLC

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* SEP 1 5 2021

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

1  Ben Rothman, Esq. (SBN 265472)
   **LAW OFFICE OF BEN ROTHMAN**
2  12575 Beatrice St.
   Los Angeles, CA 90066
3  Tel:    (310) 717-0539
   Fax:    (310) 919-3777
4  e-mail: ben@santamonicainjurylawyer.com

5  Attorney for Plaintiff,
   KARL SPRINGER

6

7

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

AUG 1 6 2021

BY _____
    ASHLEE BAYLESS, DEPUTY

8              **SUPERIOR COURT OF CALIFORNIA**

9              **COUNTY OF SAN BERNARDINO**

10                                    CIV SB  2 1 2 3 8 3 4

11  KARL SPRINGER,                    ) Case No:
                                      )
12          Plaintiff,                )  **COMPLAINT AND DEMAND FOR**
                                      )         **JURY TRIAL**
13                                    )
                                      )
14          v.                        )  1. Wrongful Termination in Violation of
                                      )     Labor Code Section 1102.5(b)
15  SPEEDWAY, LLC; WESTERN REFINING   )
    RETAIL, LLC; and DOES 1 to 50, inclusive, ) 2. Wrongful Termination in Violation of
16                                    )     Labor Code Section 6310(a)(1)
17          Defendants.               )
                                      )  3. Wrongful Termination in Violation of
18                                    )     Labor Code Section 98.6
                                      )
19                                    )  4. Wrongful Termination in Violation of
                                      )     Public Policy
20                                    )
                                      )
21                                    )
                                      )
22                                    )
                                      )
23                                    )
                                      )
24                                    )
                                      )
25                                    )
                                      )
26                                    )
                                      )
27                                    )
                                      )
28  _____ )

                **COMPLAINT AND DEMAND FOR JURY TRIAL**
                                  1

BY FAX

## THE PARTIES

1.     Plaintiff Karl Springer is, and at all times relevant herein was, a citizen of the State of California and an individual residing in the County of Riverside, State of California.

2.     Defendant Speedway, LLC is, and all times relevant herein was, an entity incorporated in the State of Delaware and doing business in the County of San Bernardino, State of California.

3.     Defendant Western Refining Retail, LLC is, and all times relevant herein was, an entity incorporated in the State of Delaware and doing business in the County of San Bernardino, State of California.

4.     Plaintiff is ignorant of the true names and capacities of defendants Does 1 to 50 and therefore sues them by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities once Plaintiff ascertains them.

5.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Does 1 to 50 were the agents, employees, partners, joint venturers, parents, sisters, or subsidiaries of the other defendants.

6.     Plaintiff is informed and believes, and thereon alleges, that at all times relevant herein, Does 1 to 50 acted within the course and scope of their agency, employment, partnership, joint venture, or other relationship with the other defendants.

7.     Plaintiff is informed and believes, and thereon alleges, that Does 1 to 50 are liable for the torts, wage and hour violations, unlawful employment practices, and other wrongs that Plaintiff alleges herein and that such defendants proximately caused Plaintiff's damages.

## VENUE

8.     Venue in the County of San Bernardino is proper because that is where at least one defendant resides or does business.

## GENERAL ALLEGATIONS

9.     Defendants owned and operated a Shell gas station on 4107 Edison Ave., Chino, CA 91710 (hereinafter "Edison Shell") at all times herein. Defendants were a single enterprise

**COMPLAINT AND DEMAND FOR JURY TRIAL**

2

1  and therefore a single employer in that they had interrelated operations, common ownership,

2  management, and financial control, and centralized control of labor relations.

3       10.    Defendants jointly hired Plaintiff as a cashier at Edison Shell in or around August

4  2020. Defendants jointly employed Plaintiff in that each of them engaged him to work and thereby

5  created a common law employment relationship, suffered and permitted him to work, and

6  exercised control over his wages, hours, and/or working conditions.

7       11.    Defendants instructed Plaintiff to attend an orientation for four hours in the City

8  of Norco in or around September 2020. Plaintiff complied with Defendants' instructions and

9  attended the orientation for four hours. Defendants failed to pay him the applicable minimum

10  wage of $13 per hour (or any other rate) for those four hours.

11       12.    Plaintiff complained to Edison Shell manager Penny (last name unknown) and

12  District Manager Kevin (last name unknown) that Defendants failed to pay him for four hours of

13  orientation. Penny said the four hours would be on the next pay check. Plaintiff then complained

14  to Defendants' HR Department that Defendants failed to pay him for four hours of orientation.

15       13.    By so complaining to Penny, Kevin, and HR, Plaintiff exercised his rights under

16  Labor Code sections 98.6 and 1102.5(b) by complaining in good faith that Defendants failed to

17  pay minimum wage in violation of Labor Code sections 1182.12 and Wage Order 5, section 4 and

18  failed to pay all wages by the regular pay day in violation of Labor Code section 204.

19       14.    Plaintiff also complained to Penny and Defendants' District Manager, Blondel (last

20  name unknown), that employees of the adjacent Popeye's were letting too many customers enter

21  Edison Shell and that said employees were making the floors in the common area greasy and

22  messy. Penny warned Plaintiff not to say anything to Popeye's.

23       15.    By so complaining to Blondel, Plaintiff exercised his rights under Labor Code

24  sections 232.5, 1102.5(b), and 6310(a)(1) by complaining in good faith that Defendants failed to

25  provide a safe and healthful place of employment at Edison Shell in violation of Labor Code

26  sections 6401, 6403(c), and 6406(d).

27       16.    Defendants fired Plaintiff on or around October 9, 2020. His exercise of his rights

28  under Labor Code sections 98.6, 232.5, 1102.5(b), and 6310(a)(1) was a substantial motivating

**COMPLAINT AND DEMAND FOR JURY TRIAL**

3

1    reason for Defendants' termination of his employment. Defendants' termination of his

2    employment was a substantial factor in causing him to lose earnings and suffer emotional distress.

3          17.    In the process of firing Plaintiff, Defendants' managing agents were guilty of: (1)

4    malice in that they intended to punish him; and (2) oppression in that they acted reprehensibly,

5    subjected him to the cruel and unjust hardship of unemployment, and consciously disregarded his

6    rights under Labor Code sections 98.6, 232.5, 1102.5(b), and 6310(a)(1).

7                          **FIRST CAUSE OF ACTION**

8        **Wrongful Termination in Violation of Labor Code Section 1102.5(b)**

9                          **(Against All Defendants)**

10         18.    Plaintiff re-states and incorporates by reference each of the foregoing allegations

11   as though fully set forth herein.

12         19.    Plaintiff informed Penny, Kevin, and the HR Department that Defendants failed to

13   pay him minimum wage and failed to pay him all earned wages by the regular payday.

14         20.    Penny, Kevin, and the HR Department had authority over Plaintiff and authority

15   to investigate, discover, or correct violations of state and federal law.

16         21.    Plaintiff disclosed information that he had reasonable cause to believe disclosed

17   the following:

18             a.    That Defendants violated Labor Code section 204 by failing to pay all

19                   earned wages by the regular pay day.

20             b.    That Defendants violated Labor Code sections 1182.12 and 1197 and Wage

21                   Order 5, section 4 by failing to pay minimum wage.

22         22.    Plaintiff's disclosure of such violations was a contributing and substantial

23   motivating reason for Defendants' termination of his employment.

24         23.    Plaintiff informed Blondel that employees of the adjacent Popeye's were making

25   the floors in the common area greasy and messy.

26         24.    Blondel had authority over Plaintiff and authority to investigate, discover, or

27   correct violations of state and federal law.

28   ///

25. Plaintiff's complaint to Blondel disclosed unsafe working conditions and work practices in violation of Labor Code sections 6401, 6403(c), and 6406(d).

26. Plaintiff's complaint to Blondel was a substantial motivating reason for Defendant's termination of Plaintiff's employment.

27. Defendants' termination of Plaintiff's employment was a substantial factor in causing him to lose earnings and suffer other actual harm.

## SECOND CAUSE OF ACTION

### Wrongful Termination in Violation of Labor Code Section 6310(a)(1)

### (Against All Defendants)

28. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

29. Plaintiff complained to Blondel that employees of the adjacent Popeye's were making the floors in the common area greasy and messy.

30. Plaintiff's complaint to Blondel disclosed unsafe working conditions and work practices in violation of Labor Code sections 6401, 6403(c), and 6406(d).

31. Plaintiff's complaint to Blondel was a substantial motivating reason for Defendant's termination of Plaintiff's employment.

32. The termination of Plaintiff's employment was a substantial factor in causing him to lose earnings and suffer emotional distress and other actual harm.

## THIRD CAUSE OF ACTION

### Wrongful Termination in Violation of Labor Code Section 98.6

### (Against All Defendants)

33. Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

34. Plaintiff filed a bona fide complaint or claim or instituted a proceeding under or relating to his right to payment of minimum wage and payment of all wages by the regular payday.

35. Plaintiff exercised his rights under the Labor Code as follows:

a.    He exercised his right under Labor Code section 232.5 to discuss his employer's working conditions.

b.    He exercised his right under Labor Code section 1102.5(b) to disclose violations of law in good faith.

c.    He exercised his right under Labor Code section 6310(a)(1) to protest unsafe working conditions and work practices.

36.    Plaintiff's bona fide complaint or claim and exercise of his rights under Labor Code sections 232.5, 1102.5(b), and 6310(a)(1) substantially motivated his termination.

37.    Defendants' termination of Plaintiff's employment was a substantial factor in causing him to lose earnings and suffer other actual harm.

## FOURTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

### (Against All Defendants)

38.    Plaintiff re-states and incorporates by reference each of the foregoing allegations as though fully set forth herein.

39.    Defendants' termination of Plaintiff's employment violated several fundamental public policies of the State of California, including, but not limited to:

a.    The policy of Labor Code section 98.6 and 204(a) of ensuring that employers promptly pay their employees' wages.

b.    The policy of Labor Code section 232.5 of encouraging employees to disclose their employers' working conditions.

c.    The policy of Labor Code section 1102.5(b) of encouraging employees to complain in good faith about violations of law.

d.    The policy of Labor Code section 6310(a)(1) of protecting employees who protest unsafe working conditions and work practices.

e.    The policy of Labor Code sections 6401, 6403(c), and 6406(d) of promoting a safe and healthful place of employment.

///

**COMPLAINT AND DEMAND FOR JURY TRIAL**

6

40.     Said policies inured to the benefit of the public, were carefully tethered to statutes, and were well established at the time of Plaintiff's termination.

41.     Defendants' termination of Plaintiff's employment was a substantial factor in causing him to lose earnings and suffer emotional distress and other actual harm.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

### As to the First Cause of Action

1.     For no less than $25,000 in damages for loss of past earnings.

2.     For no less than $25,000 in damages for loss of future earnings.

3.     For no less than $25,000 in damages for past emotional distress.

4.     For no less than $25,000 in damages for future emotional distress.

5.     For punitive damages.

### As to the Second Cause of Action

6.     For no less than $25,000 in damages for loss of past earnings.

7.     For no less than $25,000 in damages for loss of future earnings.

8.     For no less than $25,000 in damages for past emotional distress.

9.     For no less than $25,000 in damages for future emotional distress.

10.     For punitive damages.

### As to the Third Cause of Action

11.     For no less than $25,000 in damages for loss of past earnings.

12.     For no less than $25,000 in damages for loss of future earnings.

13.     For no less than $25,000 in damages for past emotional distress.

14.     For no less than $25,000 in damages for future emotional distress.

15.     For punitive damages.

16.     For a $10,000 civil penalty per violation. (Lab. Code §98.6(b)(3).)

### As to All Causes of Action

17.     For costs of suit.

18.     For reasonable attorney's fees.

**COMPLAINT AND DEMAND FOR JURY TRIAL**

19.   For pre-judgment interest to the maximum extent that the law allows.

20.   For such other and further relief as the Court may deem proper.

Date: August 14, 2021                    **LAW OFFICE OF BEN ROTHMAN**

Ben Rothman, Esq.
Attorney for Plaintiff,
KARL SPRINGER

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff demands a jury trial.

3

4     Date: August 14, 2021                    **LAW OFFICE OF BEN ROTHMAN**

5

6

7                                              Ben Rothman, Esq.
                                               Attorney for Plaintiff,
8                                              KARL SPRINGER

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Ben Rothman, Esq. (SBN 265472)
12575 Beatrice St.
Los Angeles, CA 90066

TELEPHONE NO.: (310) 717-0539   FAX NO. *(Optional):* (310) 919-3777
ATTORNEY FOR *(Name):* Plaintiff, Karl Springer

FOR COURT USE ONLY

COPY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 247 W. 3rd St.
MAILING ADDRESS: Same
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino District

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO CIVIL DIVISION

AUG 16 2021

BY _____
ASHLEE BAYLESS, DEPUTY

CASE NAME:
Springer v. Speedway, LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIV SB 2 1 2 3 8 3 4 |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 14, 2021

Ben Rothman, Esq.
(TYPE OR PRINT NAME)                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**BY FAX**

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
  Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
  Physicians & Surgeons
 Other Professional Health Care
  Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
  and fall)
 Intentional Bodily Injury/PD/WD
  (e.g., assault, vandalism)
 Intentional Infliction of
  Emotional Distress
 Negligent Infliction of
  Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
  *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
  Contract *(not unlawful detainer
   or wrongful eviction)*
 Contract/Warranty Breach–Seller
  Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
  Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
  Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
  Case Matter
 Writ–Other Limited Court Case
  Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
  Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
  County)
 Confession of Judgment *(non-
  domestic relations)*
 Sister State Judgment
 Administrative Agency Award
  *(not unpaid taxes)*
 Petition/Certification of Entry of
  Judgment on Unpaid Taxes
 Other Enforcement of Judgment
  Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
  harassment)*
 Mechanics Lien
 Other Commercial Complaint
  Case *(non-tort/non-complex)*
 Other Civil Complaint
  *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
  Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
  Claim
 Other Civil Petition

COPY

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Karl Springer _____

Case No.: _____

CIV SB 2 1 2 3 8 3 4

_____ vs. _____

**CERTIFICATE OF ASSIGNMENT**

Speedway, LLC _____

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
San Bernardino _____ District of the Superior Court under Rule131 and General Order of this court for the checked reason:

**BY FAX**

☑ General          ☐ Collection
**Nature of Action**      **Ground**

| | | |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other _____ | |
| ☒ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

Speedway, LLC _____          4107 Edison Ave. _____
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR          ADDRESS

Chino _____          CA _____          91710 _____
CITY                          STATE                 ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was
executed on August 14, 2021 _____ at Culver City _____,
California.

_____
Signature of Attorney/Party

Form # 13-16503-360
Mandatory Use

CERTIFICATE OF ASSIGNMENT

Rev. June 2019



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Springer-v-Speedway, LLC, Et Al. | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2123834 |

LAW OFFICE OF BEN ROTHMAN
12575 BEATRICE ST
LOS ANGELES CA  90066

This case has been assigned to:  Thomas S Garza in Department S27 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  03/10/2022  at 9:00 AM in Department S27 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date:  9/10/2021                                       Nancy CS Eberhardt, Court Executive Officer

                                                        By: _____
                                                              Ashlee Bayless, Deputy Clerk

--------------------------------------------------------------------------------

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  9/10/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 9/10/2021 at San Bernardino, CA.

                                                        By: _____
                                                              Ashlee Bayless, Deputy Clerk

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

| COURTHOUSE ADDRESS: |
|---|
| PLAINTIFF: |
| DEFENDANT: |

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7. Do you agree to mediation?  Yes ☐   No ☐   Please check type agreed to:  Private: _____   Court-sponsored: _____

8. **Related cases, consolidation, and coordination**: Please attach a Notice of Related Case.

   ☐ A motion to  ☐ consolidate  ☐ **Trial dates requested: Yes ☐  No ☐**  Available dates: _____
   Time estimate: _____

9. **Other Issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>EMAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
   ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

   ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY)

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
09/15/2021
CT Log Number 540248070

TO: Amanda Stacy-Hartman
Speedway Superamerica, LLC
500 SPEEDWAY DR
ENON, OH 45323-1056

RE: **Process Served in California**

FOR: Speedway LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KARL SPRINGER // To: Speedway LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CIVSB2123834 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/15/2021 at 13:39 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/15/2021, Expected Purge Date: 09/20/2021 |
| | Image SOP |
| | Email Notification,  Niccole Thompson  nmthompson@speedway.com |
| | Email Notification,  Melinda Miller  memiller2@speedway.com |
| | Email Notification,  Jana Crosby  jrcrosby@speedway.com |
| | Email Notification,  Amanda Stacy-Hartman  astacyhartman@speedway.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 CT Corporation

**Service of Process Transmittal**
09/15/2021
CT Log Number 540248070

**TO:**   Amanda Stacy-Hartman
Speedway Superamerica, LLC
500 SPEEDWAY DR
ENON, OH 45323-1056

**RE:**   **Process Served in California**

**FOR:**   Speedway LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, Sep 15, 2021

**Server Name:**          Brett Peters

Entity Served            SPEEDWAY LLC

Case Number             CIVSB 2123834

Jurisdiction             CA



# EXHIBIT C

 CT Corporation

**Service of Process Transmittal**
09/15/2021
CT Log Number 540248074

TO:     Amanda Stacy-Hartman
        Speedway Superamerica, LLC
        500 SPEEDWAY DR
        ENON, OH 45323-1056

RE:     **Process Served in California**

FOR:    Western Refining Retail, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: KARL SPRINGER // To: Western Refining Retail, LLC |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CIVSB2123834 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/15/2021 at 13:39 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/15/2021, Expected Purge Date: 09/20/2021 |
| | Image SOP |
| | Email Notification,  Niccole Thompson  nmthompson@speedway.com |
| | Email Notification,  Melinda Miller  memiller2@speedway.com |
| | Email Notification,  Jana Crosby  jrcrosby@speedway.com |
| | Email Notification,  Amanda Stacy-Hartman  astacyhartman@speedway.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>866-331-2303<br>CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

 **CT Corporation**

**Service of Process Transmittal**
09/15/2021
CT Log Number 540248074

**TO:**     Amanda Stacy-Hartman
Speedway Superamerica, LLC
500 SPEEDWAY DR
ENON, OH 45323-1056

**RE:**     **Process Served in California**

**FOR:**    Western Refining Retail, LLC  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / SD

 Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                Wed, Sep 15, 2021

**Server Name:**         Brett Peters

Entity Served            WESTERN REFINING RETAIL, LLC

Case Number              CIVSB 2123834

Jurisdiction             CA



# EXHIBIT D

1  SEYFARTH SHAW LLP
   Jamie C. Pollaci (SBN 244659)
2  jpollaci@seyfarth.com
   Shardé T. Skahan (SBN 286157)
3  sskahan@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:     (310) 277-7200
5  Facsimile:     (310) 201-5219

6  Attorneys for Defendants
   WESTERN REFINING RETAIL, LLC
7  and SPEEDWAY, LLC

8

9

10                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF SAN BERNARDINO

12

13  KARL SPRINGER,                        Case No. CIVSB2123834

14           Plaintiff,                   **DEFENDANTS WESTERN REFINING
                                          RETAIL, LLC AND SPEEDWAY, LLC'S
15       v.                               ANSWER TO PLAINTIFF'S UNVERIFIED
                                          COMPLAINT AND DEMAND FOR JURY
16  SPEEDWAY, LLC; WESTERN REFINING       TRIAL**
    RETAIL, LLC; and DOES 1 to 50, inclusive,
17
             Defendants.                  Complaint Filed: August 16, 2021
18

19

20

21

22

23

24

25

26

27

28

Defendants Western Refining Retail, LLC and Speedway, LLC ("Defendants") hereby answer Plaintiff Karl Springer's ("Plaintiff") Complaint as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure section 431.30(d), Defendants deny, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in Plaintiff's Complaint, and without limiting the generality of the foregoing, deny that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

## SEPARATE AND DISTINCT DEFENSES

In further answer to Plaintiff's Complaint, Defendants allege the following affirmative and other defenses.  In asserting these defenses, Defendants do not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE OR OTHER DEFENSE

#### (Failure to State a Cause of Action – All Causes of Action)

1.     Neither the Complaint as a whole, nor any purported cause of action alleged therein, states facts sufficient to constitute a cause of action or claim for relief against Defendants.

### SECOND AFFIRMATIVE OR OTHER DEFENSE

#### (Statute of Limitations – All Causes of Action)

2.     Plaintiff's claims are barred to the extent that any are brought outside the applicable limitations periods, including but not limited to, those contained in California Code of Civil Procedure sections 335.1, 338 and 340, and Labor Code sections 98.6 and 1102.5.

### THIRD AFFIRMATIVE OR OTHER DEFENSE

#### (Estoppel – All Causes of Action)

3.     Because of Plaintiff's own acts or omissions, Plaintiff is barred by the equitable doctrine of estoppel from maintaining this action or pursuing any cause of action alleged in the Complaint against Defendants.

### FOURTH AFFIRMATIVE OR OTHER DEFENSE

**(Consent and Waiver – All Causes of Action)**

4.      Plaintiff's claims, in whole or in part, are barred by the doctrines of consent and waiver.

### FIFTH AFFIRMATIVE OR OTHER DEFENSE

**(Unclean Hands – All Causes of Action)**

5.      Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE OR OTHER DEFENSE

**(Assumption of Risk – All Causes of Action)**

6.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred because Plaintiff assumed the risk of all alleged conduct of Defendants.

### SEVENTH AFFIRMATIVE OR OTHER DEFENSE

**(After-Acquired Evidence – All Causes of Action)**

7.      Plaintiff's claims are barred to the extent he engaged in any fraud which induced Defendants to enter into any employment relationship with Plaintiff or engaged in any misconduct of which Defendants were unaware and which would have provided independent legal cause for termination of employment.

### EIGHTH AFFIRMATIVE OR OTHER DEFENSE

**(Failure to Exhaust Administrative Remedies– All Causes of Action)**

8.      Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to exhaust all administrative and/or procedural remedies as required by California law, including but not limited to, those prescribed under the California Labor Code and/or associated regulations prior to commencing this civil action.

### NINTH AFFIRMATIVE OR OTHER DEFENSE

**(Avoidable Consequences – All Causes of Action)**

9.      Defendants exercised reasonable care to prevent and correct any unlawful retaliatory conduct allegedly experienced by Plaintiff.  Furthermore, Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise, and

thus Plaintiff's claims are barred, or Plaintiff's damages must be reduced accordingly.  *See, e.g., State Dept. of Health Servs. v. Superior Ct. of Sacramento County (McGinnis)*, 31 Cal. 4th 1026 (2000).

### TENTH AFFIRMATIVE OR OTHER DEFENSE

### (Scope of Authority – All Causes of Action)

10.     The Complaint, and each and every purported cause of action therein, is barred to the extent that the actions of Defendants' agents, employees, and representatives, if they occurred, were not actions taken within the course and scope of their employment.

### ELEVENTH AFFIRMATIVE OR OTHER DEFENSE

### (Failure to Mitigate – All Causes of Action)

11.     To the extent that Plaintiff suffered any damages as a result of the facts alleged in his Complaint, which Defendants deny, Plaintiff is not entitled to recover the amount of damages alleged or any damages due to his failure to make reasonable efforts to mitigate or minimize the damages incurred.

### TWELFTH AFFIRMATIVE OR OTHER DEFENSE

### (Offset – All Causes of Action)

12.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendants are entitled to an offset for any monies Plaintiff received from any source after Plaintiff ceased to be employed under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

### THIRTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Punitive Damages – All Causes of Action)

13.     The Complaint, and each of the causes of action therein, fails to state facts sufficient to entitle Plaintiff to an award of punitive damages.  Further, Plaintiff may not recover punitive damages for retaliatory employment decisions, if any, to the extent that those decisions are contrary to Defendants' written policies instituted against wrongful conduct.

### FOURTEENTH AFFIRMATIVE OR OTHER DEFENSE

### (Constitutional Ban On Punitive Damages – All Causes of Action)

14.     Defendants are not liable for any alleged exemplary or punitive damages because such damages violate their rights under the United States and California Constitutions, including, but not

1   limited to, their rights to due process and against excessive fines.

2   **FIFTEENTH AFFIRMATIVE OR OTHER DEFENSE**

3   **(Good Faith – All Causes of Action)**

4   15.   Any and all conduct of which Plaintiff complains or which is attributed to Defendants

5   was a just and proper exercise of management discretion, at all times privileged and justified, and

6   undertaken for fair and honest reasons, in good faith and without malice.

7

8   **SIXTEENTH AFFIRMATIVE OR OTHER DEFENSE**

9   **(Actions Taken For Legitimate, Non-Retaliatory Reasons –All Causes of Action)**

10   16.   Plaintiff's claims, in whole or in part, are barred because any alleged actions or decisions

11   by Defendants taken with respect to Plaintiff's employment were for legitimate, non-retaliatory reasons.

12   **SEVENTEENTH AFFIRMATIVE OR OTHER DEFENSE**

13   **(Legitimate Business Justification/Mixed-Motive– All Causes of Action)**

14   17.   Any monetary recovery on Plaintiff's Complaint, or any purported cause of action

15   alleged therein, is barred because assuming arguendo that retaliatory reasons had been a motivating

16   factor in any decisions toward Plaintiff, which Defendants expressly deny, Defendants would have made

17   the same decisions toward Plaintiff in any case for legitimate, non-retaliatory business reasons.  *See*

18   *Harris v. City of Santa Monica,* 56 Cal. App. 4th 203 (2013).

19   **EIGHTEENTH AFFIRMATIVE OR OTHER DEFENSE**

20   **(Independent Reasons – First Cause of Action)**

21   18.   Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

22   is barred because assuming arguendo that retaliatory reasons had been a contributing factor in any

23   decisions toward Plaintiff, which Defendants expressly deny, Defendants would have made the same

24   decisions toward Plaintiff in any case for legitimate, independent reasons. *See* Lab. Code § 1102.6.

25   **NINETEENTH AFFIRMATIVE OR OTHER DEFENSE**

26   **(Preemption by Workers' Compensation  – All Causes of Action)**

27   19.   Plaintiff seeks recovery for alleged physical and/or emotional injury based on purported

28   conduct by Defendants that neither contravenes fundamental California public policy nor exceeds the

risks inherent in the employment relationship, and as such, recovery is barred by the Workers' Compensation Act, and California Labor Code sections 3200, *et., seq.*, 3601 and 3602, which provide the exclusive remedy for these alleged injuries.

## TWENTIETH AFFIRMATIVE OR OTHER DEFENSE

### (At-Will Employment – Ninth Cause of Action)

20.     Pursuant to California Labor Code section 2922, Plaintiff's employment was terminable at will by either party with or without cause or notice, and therefore, his claims are barred by Labor Code section 2922.

## TWENTY-FIRST AFFIRMATIVE OR OTHER DEFENSE

### (Contributory Fault – All Causes of Action)

21.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part by Plaintiff's own contributory and/or comparative fault.

## TWENTY-SECOND AFFIRMATIVE OR OTHER DEFENSE

### (Joint and Several Liability – All Causes of Action)

22.     The liability of Defendants, if any, for the non-economic damages claimed by Plaintiff is limited by Civil Code section 1431.1, *et seq.*

## TWENTY-THIRD AFFIRMATIVE OR OTHER DEFENSE

### (Managerial Immunity – All Causes of Action)

23.     Any injuries Plaintiff sustained as a result of any action by Defendants are barred by the doctrine of managerial immunity.

## TWENTY-FOURTH AFFIRMATIVE OR OTHER DEFENSE

### (Prompt Remedial Action– All Causes of Action)

24.     To the extent that Plaintiff complained of any unlawful conduct, prompt remedial action was taken.

## TWENTY-FIFTH AFFIRMATIVE OR OTHER DEFENSE

### (Setoff And Recoupment - All Causes Of Action)

25.     To the extent a court holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to

offset all overpayments Defendants made to Plaintiff and/or all obligations that Plaintiff owed to Defendants against any judgment that may be entered against Defendants.

## TWENTY-SIXTH AFFIRMATIVE OR OTHER DEFENSE

### (Improper Party - All Causes Of Action)

26.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part against Defendant Speedway, LLC because it did not employ Plaintiff at any time and therefore is not a proper party to this action.

## RESERVATION OF RIGHTS

Defendants have not knowingly or intentionally waived any applicable defenses and reserve the right to assert and rely on such other applicable defenses as may later become available or apparent. Defendants further reserve the right to amend their answer or defenses accordingly and/or to delete defenses that they determine are not applicable during the course of discovery.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.     That Plaintiff take nothing by his Complaint;

2.     That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;

3.     That Defendants be awarded reasonable attorneys' fees according to proof;

4.     That Defendants be awarded the costs of suit incurred herein; and

5.     That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: October 13, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By:   *Shardé Skahan*
_____
Jamie C. Pollaci
Shardé Skahan

Attorneys for Defendants
WESTERN REFINING RETAIL, LLC and
SPEEDWAY, LLC

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 3500, Los Angeles, California  90067.  On October 13, 2021, I served the within document(s):

### **DEFENDANTS WESTERN REFINING RETAIL, LLC AND SPEEDWAY, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL**

☒    **(BY MAIL)**  The envelope was mailed with postage thereon fully prepaid.  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **(BY OVERNIGHT MAIL)**  I am readily familiar with the firm's practice of collection and processing correspondence for mailing with FedEx.  Under that practice it would be deposited with FedEx on that same day thereon fully prepaid at Los Angeles, California in the ordinary course of business.  The envelope was sealed and placed for collection and mailing on that date following ordinary business practices.

☐    **(BY E-MAIL)**  I hereby certify that this document was served by e-mail delivery on the parties listed herein at their most recent e-mail of record in this action from Los Angeles, California.

LAW OFFICE OF BEN ROTHMAN        Tel:    (310) 717-0539
Ben Rothman, Esq.
12575 Beatrice Street            Attorneys for Plaintiff
Los Angeles, CA 90066           KARL SPRINGER

Email: ben@santamonicainjurylawyer.com

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on October 13, 2021, at Los Angeles, California.

_____
Patricia Cloutier

ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

# EXHIBIT E



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Springer-v-Speedway, LLC, Et Al. | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number CIVSB2123834 |

LAW OFFICE OF BEN ROTHMAN
12575 BEATRICE ST
LOS ANGELES CA  90066

This case has been assigned to:  Thomas S Garza in Department S27 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date:  03/10/2022  at 9:00 AM in Department S27 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date:  9/10/2021

Nancy CS Eberhardt, Court Executive Officer

By: _____
Ashlee Bayless, Deputy Clerk

---

### CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing:  9/10/2021

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 9/10/2021 at San Bernardino, CA.

By: _____
Ashlee Bayless, Deputy Clerk